## WARREN ROBINSON v. ANDREW W. MELLON.

Decided May 17, 1927.

**Contracts — Construction — Contract For Filing — Defendant Breached Contract—Judgment For Plaintiff—Upon Rule to Show Cause, Defendant Alleged Excessive Award—Plaintiff Proved Amount of Profit to Him if Contract Had Been Completed—Award Sustained.**

On defendant's rule to show cause.

Before GUMMERE, CHIEF JUSTICE, and Mr. Justice TRENCHARD.

For the rule, *Patrick H. Harding.*

*Contra, Riggins & Davis.*

PER CURIAM.

This was an action for breach of contract. The plaintiff's claim was that he entered into an agreement with the defendant, by the terms of which the latter promised, among other things, to pay him at the rate of $1.50 per cubic yard for all filling required to be made in an improvement contemplated by the defendant on the east side and west side of Morgan boulevard, in the city of Camden, from Olive street to Newton creek; that he, the plaintiff, subcontracted for this filling, the subcontractor agreeing to do the work and supply the materials at the rate of one dollar per cubic yard; and that the defendant afterward breached the contract, refusing to permit the plaintiff to perform the work and procuring other contractors to do it. The proofs supported the claim as to the breach of the contract. They also showed that the amount of the filling would be about thirteen thousand cubic yards, according to the testimony of the defendant's own engineer. The jury rendered a verdict in favor of the plaintiff and awarded him $6,000 as damages.

The defendant thereupon applied to the trial court for a rule to show cause why this verdict should not be set aside. His application was granted, and he now contends before us that the verdict rendered is grossly excessive. If the plaintiff's evidence with relation to the subletting of the contract was true, he would have made a profit of fifty cents per cubic yard. Not only was this evidence uncontradicted, but it was supported by the testimony of the intended subcontractor. On such proofs the jury was entirely justified in awarding $6,000 as compensation to the plaintiff.

The alleged excessiveness of the verdict is the only ground upon which we are asked to make this rule absolute.

For the reason indicated, the rule will be discharged.